IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ANTHONY BRAWHAW**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:09-CV-1373-L** |
| | § | |
| **THE KROGER CO.**, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are: (1) Defendant's Motion for Summary Judgment, filed July 7, 2010; and (2) the parties' Joint Motion to Extend Deadline to Conduct Discovery and Trial Setting, field September 9, 2010. After carefully considering the motion, response, reply, record, and applicable law, the court **grants** Defendant's Motion for Summary Judgment; and **denies as moot** the Joint Motion to Extend Deadline to Conduct Discovery and Trial Setting.

### I.  Procedural and Factual Background

Plaintiff Anthony Brawhaw ("Plaintiff" or "Brawhaw") filed his Original Petition in the 101st Judicial District, Dallas County, Texas, on June 1, 2009. Plaintiff alleges that he was injured after slipping and falling on a slippery substance near the meat counter of a Kroger store located at 752 Wynnewood Village Shopping Center, Dallas, Texas 75224. He contends that Defendant The Kroger Co. ("Defendant" or "Kroger") was negligent in a number of respects.

Defendant removed the case to this court on July 22, 2009. Plaintiff thereafter amended his complaint twice. In the live pleading, the Second Amended Original Petition, Plaintiff alleges that Kroger was negligent by: failing to properly inspect the premises and discover the dangerous

condition; failing to properly maintain the premises in a safe condition; failing to properly warn him of the dangerous condition; failing to properly clean or correct the dangerous condition; failing to have adequate guidelines for preventing such incidents; and destroying or losing photographs of the scene. Kroger has now moved for summary judgment.

## II. Legal Standard – Motion for Summary Judgment

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). Further, a court "may not make credibility determinations or weigh the evidence" in ruling on motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). Mere conclusory allegations are not competent summary

judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

## III. Analysis

Kroger has moved for summary judgment on Plaintiff's claims. It argues that Brawhaw does not have any evidence that it had actual or constructive knowledge of any hazard, that an unreasonably dangerous condition existed, that it failed to exercise reasonable care to reduce or eliminate any risk, or that its alleged actions or inactions proximately caused Plaintiff's injuries. Brawhaw opposes the motion and contends that Kroger knew or should have known about the

dangerous condition, that it failed to warn him, and that its negligence proximately caused his injuries.

### A. Negligent Activity

Kroger argues first that it is entitled to judgment on Brawhaw's negligent activity claim. It contends that he asserts claims for both negligent activity and premises liability but that under Texas law his claim is one of premises liability. Brawhaw does not directly respond to this argument, but he contends that there is a genuine issue of material fact "regarding Defendant's constructive knowledge of the uncontested fact of water on the premise where Plaintiff fell." Pl.'s Resp. 1.

Kroger is correct. Under Texas law, negligent activity and premises liability are separate claims:

> Recovery on a negligent activity theory requires that the person have been injured by or as a contemporaneous result of the activity itself rather than by a condition created by the activity. Negligence in the former context means simply doing or failing to do what a person of ordinary prudence in the same or similar circumstances would have not done or done. Negligence in the latter context means failure to use ordinary care to reduce or eliminate an unreasonable risk of harm created by a premises condition which the owner or occupier [of land] knows about or in the exercise of ordinary care should know about.

*Timberwalk Apartments, Partners, Inc. v. Cain*, 972 S.W.2d 749, 753 (Tex. 1998) (internal quotations and footnotes omitted) (original brackets). Kroger contends that the court should dismiss any claim by Brawhaw for negligent activity because his claim arises from the alleged condition that caused him to slip and fall.

The court determines that Brawhaw's claim is one of premises liability. His claims arise from Kroger's alleged failure to prevent a harm to him caused by an alleged condition of water on the floor. Accordingly, to the extent that Brawhaw brings a claim based upon negligent activity,

**Memorandum Opinion and Order – Page 4**

there is no genuine issue of material fact with respect to such a claim, and Kroger is entitled to judgment as a matter of law on it.

B. **Premises Liability**

The rest of the parties' arguments relate to the evidence relating to Brawhaw's premises liability claim. The elements of a premises liability claim are:

> (1) [a]ctual or constructive knowledge of a condition on the premises by the owner or occupier; (2) [t]hat the condition posed an unreasonable risk of harm; (3) [t]hat the owner or occupier did not exercise reasonable care to reduce or eliminate the risk; and (4) [t]hat the owner or occupier's failure to use such care proximately caused the plaintiff's injury.

*CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 99 (Tex. 2000) (citations omitted). Kroger argues that there is no evidence to support any of the elements of a premises liability claim; Brawhaw contends that there is evidence for each.

Kroger argues that there is no evidence that it had actual or constructive knowledge of the alleged condition in this case. It further argues that there is no evidence of how long the alleged condition existed before Brawhaw fell. Brawhaw responds that there is a fact question with respect to notice. He contends that the court should consider the amount of time it would take a puddle to accumulate.

To establish notice under Texas law, a plaintiff must establish: "(1) the defendant placed the substance on the floor, (2) the defendant actually knew that the substance was on the floor, or (3) it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it." *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002). There is no evidence in the summary judgment record that Defendant put the water on the floor or actually knew that it was there before Brawhaw fell, and the parties' only dispute is whether

Kroger should be liable under the theory of constructive notice. Brawhaw argues only that there is a fact issue "regarding Defendant's *constructive* knowledge of the uncontested fact of water on the premise where Plaintiff fell." Pl.'s Resp. 1 (emphasis added). Texas law requires some evidence of how long a condition existed before holding an owner liable under a theory of constructive notice:

> What constitutes a reasonable time for a premises owner to discover a dangerous condition will, of course, vary depending upon the facts and circumstances presented. And proximity evidence will often be relevant to the analysis. Thus, if the dangerous condition is conspicuous as, for example, a large puddle of dark liquid on a light floor would likely be, then an employee's proximity to the condition might shorten the time in which a jury could find that the premises owner should reasonably have discovered it. Similarly, if an employee was in close proximity to a less conspicuous hazard for a continuous and significant period of time, that too could affect the jury's consideration of whether the premises owner should have become aware of the dangerous condition. *But in either case, there must be some proof of how long the hazard was there before liability can be imposed on the premises owner for failing to discover and rectify, or warn of, the dangerous condition.* Otherwise, owners would face strict liability for any dangerous condition on their premises, an approach we have clearly rejected.

*Reece*, 815 S.W.3d at 816 (footnote and citations omitted) (emphasis added).

Kroger argues that Brawhaw has no evidence regarding how long the alleged condition existed before he fell, which is fatal to his constructive notice claim. It points to Plaintiff's deposition testimony that he did not know how long the water was on the floor before he fell. Defendant contends that Plaintiff's responses to its Requests for Admission also demonstrate that Brawhaw did not know whether the condition existed before he fell, that he did not know whether the alleged water had been there for ten, twenty, or thirty minutes before he fell, and that he did not notice any footprints in the substance. Kroger also points to the testimony of its employees Kevin Cole ("Cole"), Wendell Walker ("Walker"), and Terrence Rose ("Rose"). None of these employees

knew where the water came from or how long it was there before Plaintiff fell. In light of this evidence, Defendant contends that Plaintiff cannot show that it had constructive knowledge of the alleged condition.

Brawhaw contends that the issue of whether Kroger had constructive notice of the condition is a question that must be submitted to the jury. He cites the testimony of Walker, who stated that he cleaned out the meat counter the morning of the incident and finished at about 7:00 a.m. Walker testified that he sprays the counter inside and lets it drain and that the drain sometimes clogs, leading to water on the floor. Plaintiff also points to his own testimony; he stated that he saw water running out from under the meat counter and that the water had tracks running through it. He also stated that the water was "dirty like from meat." He saw footprints and shopping cart tracks in the water, and he contends that the pool of liquid was four to five feet long. Cole testified that no employee told him that he or she had been in the area where Brawhaw fell for at least thirty minutes before the incident.

In addition to these arguments about the testimony, Plaintiff contends that Defendant deliberately destroyed evidence and that the court should consider this. Brawhaw argues that Rose took photos that showed the alleged spill and that he destroyed them. He argues that the court should presume that they would be unfavorable to Kroger.

The court has carefully considered the evidence and arguments presented by the parties. It concludes that there is no evidence that Kroger had constructive notice of the alleged condition that caused Brawhaw's fall. Before considering the specific testimony, the court notes that Plaintiff's argument that this is a fact issue to be resolved by a jury is without legal support. He cites a Fifth Circuit case that applies Louisiana law, not Texas law, in support. *See Bagley v. Albertsons, Inc.*,

492 F.3d 328, 331 (5th Cir. 2007). Even if this case were applicable, Louisiana courts, like Texas courts, require "some positive evidence . . . of how long the condition existed prior to the fall." *Id*. (citation and quotation omitted). As the court explains below, there is no evidence in this case of how long the alleged condition existed before Brawhaw fell.

Plaintiff has presented no evidence regarding how long the water was allegedly on the floor before he fell. He testified that he did not know how long it was there before his fall. Cole, a Kroger manager, testified that he did not know where the water came from and that he did not see water leaking. He further testified at his deposition that no employee told him that he or she had been in the area where Brawhaw fell for at least thirty minutes before he fell. Walker, who worked at the meat counter, stated that he walked through the area all morning. Rose, another Kroger employee, saw water on the floor after Plaintiff's fall, but there is no testimony before the court that he saw it before the fall.

Brawhaw points to Walker's testimony about a drain near the meat counter that sometimes clogs, causing water to back up, but there is no testimony that the drain was blocked the day he fell. This evidence, which supports the possibility of a cause of the alleged condition, is too speculative to support a premises liability claim. *See Reece*, 81 S.W.3d at 816. Plaintiff also points to his own testimony that he saw water running out from under the counter and that there were footprints and shopping cart tracks coming out of the water. Texas courts have rejected similar testimony, holding that "the presence of footprints or cart tracks . . . equally supports the inference that the tracks were of recent origin as it supports the opposite inference, that the tracks had been there a long time." *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 937 (Tex. 1998) (citation omitted).

Brawhaw also argues that the court can infer from the size of the puddle that Kroger should have known about it, citing *Wal-Mart Stores, Inc. v. Tinsley*, 998 S.W.2d 664 (Tex. App. – Texarkana 1999). In that case, however, there was additional testimony regarding similar leaks that caused puddles and that "the size of the puddle of water on the floor would vary depending on how long it took a Wal-Mart associate to discover it." *Id*. at 668. There is no similar evidence in this case, and the court finds that Plaintiff's proffered evidence simply does not create a genuine issue of material fact as to how long the alleged hazard was there prior to Brawhaw's fall.

The court further determines that Plaintiff's spoliation argument does not save his claim. Brawhaw argues that the court should presume that the pictures of the spill would have been unfavorable to Kroger. It is undisputed, however, that the pictures were taken *after* Brawhaw fell, not before. Pictures of the puddle after the fall are irrelevant to the notice inquiry because they cannot establish how long the puddle was there before he fell or whether Kroger knew about it before the fall.

Accordingly, the court finds that there is no evidence of how long the alleged condition existed before Plaintiff fell, and therefore there is no evidence to support Plaintiff's theory that Kroger had constructive notice of the alleged condition. There is therefore no genuine issue of material fact whether Kroger had notice of the allegedly dangerous condition, and therefore there is no evidence of the first element of a premises liability claim under Texas law. Kroger is therefore entitled to judgment as a matter of law on this claim, and the court need not consider Defendant's additional arguments in favor of summary judgment.

## IV. Conclusion

For the foregoing reasons, the court **grants** Defendant's Motion for Summary Judgment. The court **dismisses** this action **with prejudice**. Because no claims remain for trial, the court **denies as moot** the Joint Motion to Extend Deadline to Conduct Discovery and Trial Setting. Pursuant to Rule 58(a) of the Federal Rules of Civil Procedure, the court will enter judgment by separate document.

**It is so ordered** this 22nd day of September, 2010.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge